1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

              Plaintiff,

     v.

BELINDA STEWART, et al.,

            Defendants.

CASE NO. C16-5023 RBL-KLS

ORDER TO SHOW CAUSE OR TO
AMEND

12

13

14

15

16

      Before the Court for review is Plaintiff Gail Vincent's proposed civil rights complaint.
Dkt. 8.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Dkt. 6.  The Court has
determined that it will not direct service of plaintiff's complaint at this time because it is
deficient.  However, plaintiff will be given an opportunity to show cause why his complaint
should not be dismissed or to file an amended complaint **by March 23, 2016**.

17

**BACKGROUND**

18

19

20

21

22

23

24

      Plaintiff is incarcerated at the Stafford Creek Corrections Center (SCCC).  He purports to
sue twenty-eight individuals including the former secretary of the Department of Corrections, the
associate secretary, deputy directors, grievance coordinators, chaplains, superintendents,
associate superintendents, and food managers of the SCC, the Coyote Ridge Corrections Center
(CRCC), the Clallam Bay Corrections Center (CBCC), the Washington Corrections Center
(WCC), and the Washington State Penitentiary (WSP).  Dkt. 7.   Plaintiff states that he has been
a practicing "Hare Krshna" since 2008.  He alleges that having fresh milk in his diet is mandated

1   by his religion but that for almost fifteen years, he has been denied fresh milk and forced on to an

2   overly restrictive and burdensome vegan diet at all of the institutions where he has been

3   incarcerated.  *Id.*, at 5-6.  Plaintiff acknowledges that there is a grievance procedure available,

4   but that "one grievance is still pending."  *Id.*, at 1.

5                                                    **DISCUSSION**

6          The Court declines to serve the complaint because it contains fatal deficiencies that, if not

7   addressed, might lead to a recommendation of dismissal of the entire action for failure to state a

8   claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

9          Plaintiff's complaint is brought under § 1983.  To state a claim under § 1983,

10  a plaintiff must allege facts showing (1) the conduct about which he complains was committed

11  by a person acting under the color of state law; and (2) the conduct deprived him of a federal

12  constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In

13  addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as

14  a result of the conduct of a particular defendant, and he must allege an affirmative link between

15  the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

16  **A.      Exhaustion**

17         The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative

18  remedies before bringing a § 1983 claim.  42 U.S.C. § 1997e(a); *Griffin v. Arpaio,* 557 F.3d

19  1117, 1119 (2009).  To effectively exhaust his administrative remedies, an inmate must use all

20  the formal steps of the prison grievance process.  *Id.*  Because the purpose of exhaustion is to

21  give prison administrators a chance to resolve the issues, the inmate must exhaust each of his

22  claims through grievances containing enough factual specificity to notify officials of the alleged

23  harm.  *Id.* at 1120.

24

1   Plaintiff's civil rights complaint is dated January 5, 2016.  Consequently, any claim not

2   exhausted prior to that date may not be pursued in this action.  Exhaustion must *precede* the

3   filing of the complaint and compliance with the statute is not achieved by satisfying the

4   exhaustion requirement during the course of an action.  *McKinney v. Carey*, 311 F.3d 1198, 1199

5   (9th Cir.2002).  In his complaint, plaintiff states that "one grievance still pending."  Therefore, it

6   appears that plaintiff  filed this lawsuit prematurely.  Plaintiff is directed to explain why his

7   complaint should not be dismissed without prejudice for failure to fully exhaust.

8   **B.      Washington Department of Corrections**

9   Neither a state nor its officials acting in their official capacities are "persons" within the

10  meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  States

11  and state agencies are immune from suit in federal court under the Eleventh Amendment unless a

12  state expressly waives its constitutional immunity.  *Alden v. Maine*, 527 U.S. 706 (1999).  The

13  State of Washington has not waived its Eleventh Amendment immunity.  *Whiteside v. State of*

14  *Washington*, 534 F.Supp. 774 (E.D. Wash. 1982).   Therefore, the Washington Department of

15  Corrections (DOC) is immune from suit.  *See e.g., Banks v. Washington*, 2009 WL 3831539

16  (W.D. Wash. 2009) (Western State Hospital is an improper § 1983 defendant).  The Eleventh

17  Amendment also prevents injunctive relief against the state itself.  *Will v. Michigan*, 491 U.S. 58,

18  78 n. 10 (1989). The plaintiff would need to name a person in their official capacity in order to

19  obtain injunctive relief.  *Quern v. Jordan*, 440 U.S. 332 (1979).

20  Therefore, Plaintiff must name specific individuals as defendants and must allege in more

21  specific terms who harmed him and how that harm violated a specific constitutional right.

22  **C.      Personal Participation**

23  Plaintiff names twenty-eight individuals, but alleges no facts as to these individuals.  In

24  order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the

ORDER TO SHOW CAUSE OR TO AMEND- 3

particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. It is simply not enough to claim that "all the defendants" or that a list of defendants violated his rights. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In addition, defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Absent such allegations, the individuals named in the complaint will be dismissed.

**D.    Statute of Limitations**

In his complaint, plaintiff seeks relief for the alleged actions of individuals spanning fifteen years in at least five institutions.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows

or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.  *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).  Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

From the allegations stated in Plaintiff's complaint, it appears that he had actual notice at each of the institutions where he was incarcerated of any deficiencies in his diet.  Therefore, he should show cause why his claims are timely and why they should not be dismissed.

**E.    Exercise of Religion**

To establish a free exercise violation under the First Amendment, a prisoner must show that the government burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests.  *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997) (*citing Turner v. Safely*, 482 U.S. 78, 89 (1987)).  Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by the "least restrictive means."  42 U.S.C. § 2000cc–1(a)(1)–(2).  Under RLUIPA, the plaintiff bears the initial burden of establishing a prima facie claim that the lack of fresh milk constitutes a

1    substantial burden on the exercise of his religious beliefs.  *See Warsoldier v. Woodford*, 418 F.3d

2    989, 994 (9th Cir.2005).

3        Plaintiff has failed to set forth facts sufficient to state a claim under either the First

4    Amendment or RLUIPA.

5                      **CONCLUSION**

6        Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff

7    may show cause why his complaint should not be dismissed or may file an amended complaint to

8    cure, if possible, the deficiencies noted herein, **on or before March 23, 2016.**  If an amended

9    complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case

10    number.  Any cause of action alleged in the original complaint that is not alleged in the amended

11    complaint is waived.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in*

12    *part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

13        The Court will screen the amended complaint to determine whether it states a claim for

14    relief cognizable under 42 U.S.C.  1983.  If the amended complaint is not timely filed or fails to

15    adequately address the issues raised herein, the Court will recommend dismissal of this action as

16    frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

17    § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

18    or more civil actions or appeals which are dismissed on grounds they are legally frivolous,

19    malicious, or fail to state a claim, will be precluded from bringing any other civil action or

20    appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

21    injury."  28 U.S.C. § 1915(g).

22    *//*

23

24

ORDER TO SHOW CAUSE OR TO AMEND- 6

1       **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

2 **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**

3 **Sheet.**

4       **DATED** this 25th day of February, 2016.

5

6

7                           Karen L. Strombom
                          United States Magistrate Judge

ORDER TO SHOW CAUSE OR TO AMEND- 7