UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

            Plaintiff,

v.

BELINDA STEWART, et al.,

            Defendants.

CASE NO. C16-5023 RBL-KLS

SECOND ORDER TO SHOW CAUSE OR TO AMEND

Before the Court for review is Plaintiff Gail Vincent's proposed amended civil rights complaint, which plaintiff submitted in two documents. Dkt. 15 and 16[1]. The Court has determined it will not direct service of plaintiff's amended complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his amended complaint should not be dismissed or to file a second amended complaint **by May 27, 2016**.

## BACKGROUND

Plaintiff is incarcerated at the Stafford Creek Corrections Center (SCCC). In his original complaint, he attempted to sue twenty-eight individuals including the former secretary of the Department of Corrections (DOC), the associate secretary, deputy directors, grievance coordinators, chaplains, superintendents, associate superintendents, and food managers of the

---

[1] Plaintiff also filed a motion for preliminary injunction. In a separate Report and Recommendation, the undersigned is recommending that the motion be stricken from the Court's docket at this time. Plaintiff may seek injunctive relief, but he should do so only after a viable complaint has been approved by the Court and served on defendants.

SECOND ORDER TO SHOW CAUSE OR TO AMEND- 1

SCC, the Coyote Ridge Corrections Center (CRCC), the Clallam Bay Corrections Center (CBCC), the Washington Corrections Center (WCC), and the Washington State Penitentiary (WSP). Dkt. 7.  Plaintiff states that he has been a practicing "Hare Krshna" since 2008.  He alleges that having fresh milk in his diet is mandated by his religion but that for almost fifteen years, he has been denied fresh milk and has had forced on him an overly restrictive and burdensome vegan diet at all of the institutions where he has been incarcerated. *Id.*, at 5-6. Plaintiff acknowledged that there is a grievance procedure available, but that "one grievance is still pending." *Id.*, at 1.

   Plaintiff's amended complaint is similarly deficient.  It is not one, but two documents.  It is over twenty pages long and again, it is not entirely clear who plaintiff is suing for what conduct and when the conduct is alleged to have occurred.  However, plaintiff now states that he limits his allegations of harm from the lack of milk "for the past four years across each of the institutions mentioned above."  Dkt. 15, at 9-10.  This claim will be addressed further below.

   In addition, plaintiff raises, for the first time in his amended complaint, a claim regarding his religious and medical diets that occurred during 2015 and 2016 during plaintiff's incarceration at SCCC.  This claim relates to DOC's policy that if a therapeutic diet is recommended, the therapeutic diet will take precedence over the religious diet.  However, the offender can refuse the recommended therapeutic diet at the time of the medical appointment.

   Plaintiff alleges that he is being forced to choose between his health and his religion.  For his religious beliefs he is given a vegan diet and for his health he is given a metabolic diet. However, the vegan diet lacks fresh milk and the metabolic diet contains meats and fats, which plaintiff contends burdens his religious beliefs.  Dkt. 15, 9-11.  At the time he filed his original complaint, this claim was not exhausted.  However, the Level III appeal of plaintiff's grievance of this issue was completed on February 17, 2016, prior to the filing of plaintiff's proposed

SECOND ORDER TO SHOW CAUSE OR TO AMEND- 2

amended complaint. *See,* Dkt. 13, at 6. Therefore, the Court considers the claim exhausted for purposes of plaintiff's amended complaint. *See Cano v. Taylor,* 739 F.3d 1214, 1220 (2015) (claims that arose as a cause of action prior to the filing of the initial complaint may be added to a complaint via an amendment, so long as they are administratively exhausted prior to the amendment).[2] This claim will be addressed further below.

## DISCUSSION

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Statement of the Claim**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). In addition, the complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

Therefore, if plaintiff intends to pursue this lawsuit, he should file an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was

---

[2] Because the Court is granting plaintiff leave to file a second amended complaint to include this claim, the Court is recommending that plaintiff's motion to dismiss without prejudice or to amend (Dkt. 13) be denied without prejudice.

SECOND ORDER TO SHOW CAUSE OR TO
AMEND- 3

violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

For example, if plaintiff intends to pursue his claims that he has been denied fresh milk and that he is being denied required elements from either his vegan and/or metabolic diets, then he should include facts describing those claims – when (or approximately when) the conduct occurred, where the conduct occurred, what prison officials were involved, what the prisoner officials did or did not do to cause him harm. Plaintiff must repeat the process described above for each person he names as a defendant. If he fails to affirmatively link the conduct of each named defendant with the specific injury suffered by him, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed -- Plaintiff cannot name entire groups of individuals and then collectively allege that "all defendants" violated his rights.

If plaintiff names a supervisory official, he must allege facts describing how that official personally participated in the constitutional deprivation or allege facts describing how that official was aware of the similar widespread abuses, but with deliberate indifference to his constitutional rights, failed to take action to prevent further harm to him. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

**B.     Statute of Limitations**

In his amended complaint, plaintiff limits his allegations of harm from the lack of milk "for the past four years across each of the institutions mentioned above." Dkt. 15, at 9-10. Plaintiff was previously advised that the statute of limitations applicable to his § 1983 action is three years and that a claim accrues when he knew or had reason to know of the injury which is

the basis of his action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2); *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996).  Based on allegations in the amended complaint, plaintiff had actual notice at each of the institutions where he was incarcerated of any deficiencies in his diet and any adverse effect on his religious beliefs of such diet or diets.  He asks the court to "toll up to 5 or 6 years" because he is acting pro se and defendants allegedly destroyed records.  Dkt. 15, at 3.

Plaintiff provides no legal or factual basis for tolling the statute of limitations.  Plaintiff filed this action on January 11, 2016.  Although arguably, plaintiff seems to be alleging some ongoing conduct or harm, it is impossible to determine whether any such conduct falls within the applicable statute of limitations because his allegations are so vague, wide-sweeping, and not specific to any defendant or institution.  Therefore, any claim which occurred prior to January 10, 2013 would be subject to dismissal.

**C.      Exercise of Religion**

To establish a free exercise of religion violation under the First Amendment, a prisoner must show that the government burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests.  *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997) (*citing Turner v. Safely*, 482 U.S. 78, 89 (1987)).  Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."  42 U.S.C. § 2000cc–1(a)(1)–(2).  Under RLUIPA, the plaintiff bears the initial burden of establishing a prima facie claim that defendant's conduct

constitutes a substantial burden on the exercise of his religious beliefs. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir.2005).

In his second amended complaint plaintiff should describe the nature of his religious belief and how the conduct of a particular defendant or defendants has substantially burdened the exercise of those religious beliefs.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the amended complaint. Plaintiff may show cause why his complaint should not be dismissed or may file a second amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 27, 2016.** If a second amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Plaintiff should use the Court's form § 1983 complaint.

The Court will screen the second amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the second amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

//

1  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
2  **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**
3  **Sheet.**

4  **DATED** this 11th day of April, 2016.

Karen L. Strombom
United States Magistrate Judge

SECOND ORDER TO SHOW CAUSE OR TO
AMEND- 7