UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

                Plaintiff,

  v.

BELINDA STEWART, et al.,

                Defendants.

CASE NO. C16-5023 RBL-KLS

REPORT AND RECOMMENDATION
**Noted for:  April 29, 2016**

      Plaintiff Gail Vincent is presently confined at the Stafford Creek Corrections Center (SCCC). On January 11, 2016, he filed a proposed 42 U.S.C. § 1983 civil rights complaint. Dkt. 1, 7. The Court declined to serve the complaint and granted leave to amend. Dkt. 12. Plaintiff submitted a proposed amended complaint. Dkt. 15 and 16. The Court has reviewed the amended complaint and under separate order, has declined to serve the amended complaint but is granting plaintiff another opportunity to amend. Therefore, at this time, there is no viable complaint in this action and no defendants have been served or appeared.

      On February 11, 2016, plaintiff filed motions for preliminary injunction and to waive deposit on security for injunctive relief. Dkt. 8 and 9. He asks the Court to issue an order directing defendants to change his diet. The undersigned recommends that the Plaintiff's

REPORT AND RECOMMENDATION - 1

motions be stricken from the Court's docket at this time.  The Court does not reach the merits of Plaintiff's motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party.  A temporary restraining order may be granted under Rule 65(b), but only if:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

If Plaintiff seeks relief from the Court, he must set forth his requests in a pleading or motion and he must serve copies of all pleadings and motions on all defendants through their counsel of record pursuant to Fed. R. Civ. P. 5(b)(1).  Pursuant to Fed. R. Civ. P. 5(d), plaintiff is also required to attach and file a certificate of service stating that he has served all defendants with the pleading and/or motion every time he files and serves a document.  Unless otherwise ordered by the Court, all motions will be decided without oral argument and parties are not to appear on the date the motion is noted unless directed.  CR 7(b)(4).

Accordingly, the undersigned recommends that plaintiff's motions (Dkt. 8 and 9) be **stricken from the Court's docket.**  Plaintiff may file a motion for temporary restraining order and serve it on all defendants after he has submitted, and the Court has approved a viable § 1983 amended complaint, and the defendants have been served with the amended complaint. Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised

REPORT AND RECOMMENDATION - 2

in his complaint and he must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). If plaintiff does re-file his motion, he must also file a certificate of service stating he has served all defendants, through their counsel, with the motion. The motion may be scheduled on the Court's calendar for the third Friday after filing and service of the motion.

## CONCLUSION

The undersigned recommends that the plaintiff's motions for preliminary injunction and to waive deposit on security (Dkt. 8 and 9) be **stricken** from the Court's docket. The Court does not reach the merits of the Plaintiff's motions.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 29, 2016**, as noted in the caption.

Dated this 11th day of April, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3