UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

        Plaintiff,

  v.

BELINDA STEWART, et al,

        Defendants.

CASE NO. 3:16-cv-05023-RBL-KLS

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT ON DEFENDANT JOE WILLIAMSON

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. Service of the second amended complaint by the Clerk on defendant Williamson was ordered on May 24, 2016. Dkt. 25. On November 14, 2016, plaintiff filed a motion to order the Department of Corrections (DOC) to file under seal the residential address of defendant Williamson, and to order service on defendant Williamson by the United States Marshal, because defendant Williamson had not yet returned the signed waiver of service within the 30 day time period to do so. Dkt. 37.

As the DOC did not object to the filing under seal of defendant Williamson's residential address, on November 30, 2016, the Court ordered that it do so. Dkt. 39. However, rather than ordering service by the United States Marshal, the Court instead directed the Clerk to first serve defendant Williamson by mail at his residential address. *Id.* On December 29, 2016, the Court

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON DEFENDANT
JOE WILLIAMSON - 1

received the return of service unexecuted. Dkt. 44. Accordingly, the Court deems service by the United States Marshal on defendant Williamson to now be appropriate, and accordingly hereby **ORDERS** as follows:

    (1)    <u>Service by United States Marshal</u>

Plaintiff's motion to serve defendant Williamson via the United States Marshall (Dkt. 37) is **GRANTED**. The United States Marshal is **ORDERED** to personally serve the summons and complaint together with a copy of this Order upon defendant Williamson. The Clerk shall issue summons and assemble the necessary documents to effect this personal service. Plaintiff is *pro se* and has been granted *in forma pauperis* status in this matter, and the Court finds good cause for why the cost of personal service should not be assessed defendant Williamson under Federal Rule of Civil Procedure 4(d)(2).

    (2)    <u>Response Required</u>

Within **twenty (20) days** after service, defendant Williamson shall file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

    (3)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

(4) <u>Non-State Defendants</u>

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at the Washington State Penitentiary (WSP), Stafford Creek Corrections Center (SCCC), Coyote Ridge Corrections Center (CRCC), or Monroe Correctional Complex (MCC) who are subject to Mandatory Electronic E-Filing. WSP, SCCC, CRCC, and MCC prisoner litigants are no longer required to serve their court filings on the Court or defendants by mail. Service by mail of your court filings to WSP, SCCC, and CRCC prisoner litigants is also no longer required.

(5) <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON DEFENDANT
JOE WILLIAMSON - 3

motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(6)     Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON DEFENDANT
JOE WILLIAMSON - 4

there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(8) The Clerk is directed to send copies of this Order to plaintiff. The Clerk is further directed send a copy of this Order and a courtesy copy of plaintiff's complaint to the Washington State Office of the Attorney General by first-class mail.

Dated this 13th day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT ON DEFENDANT
JOE WILLIAMSON - 5