UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL VINCENT,<br><br>              Plaintiff,<br><br>   v.<br><br>BELINDA STEWART, et al,<br><br>             Defendants. | CASE NO. 3:16-cv-05023-RBL-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE HIS SECOND AMENDED COMPLAINT AND RE-SETTING THE PRETRIAL SCHEDULE DEADLINES |

      This matter is before the Court on plaintiff's filing of a motion for extension of time to serve his second amended complaint on defendant Joe Williamson, as well as the deadlines set forth in the Court's pretrial scheduling order. Dkt. 42. In a separate order dated the same date herewith, the Court has ordered service of the complaint on defendant Williamson by the United States Marshal.

      Defendants do not oppose plaintiff's request for an extension of time for service of the complaint on defendant Williamson. Dkt. 43. Accordingly, the time for serving the complaint on

ORDER GRANTING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO FILE HIS
SECOND AMENDED COMPLAINT AND
RE-SETTING THE PRETRIAL SCHEDULE
DEADLINES - 1

1   defendant Williamson hereby is extended **ninety (90) days** from the date of this order. Federal

2   Rules of Civil Procedure 4(m).

3   Defendants do oppose, however, plaintiff's request to extend the discovery deadline for

4   all defendants except for defendant Williamson. They state that plaintiff "has been quite active in

5   serving discovery thus so far," and that he "has put forth no special need or relevant authority

6   which would justify extending discovery related to the parties who have already appeared in this

7   matter." Dkt. 43, pp. 2-3. Thus, defendants request that any extension of the discovery deadline

8   "be narrowly tailored to relate only to" defendant Williamson. *Id.* at p. 2.

9   Plaintiff does not contest defendants' assertion regarding the extent of discovery he has

10  engaged in so far. Nor has he indicated any particular need for further discovery related to any of

11  the defendants who have appeared in this matter. Accordingly, any discovery conducted past the

12  original discovery deadline of January 20, 2017, shall be limited to defendant Williamson, except

13  to the extent good cause is shown for enlarging the scope of discovery based on discovery that is

14  obtained with respect to defendant Williamson. Likewise, any dispositive motions filed after the

15  original dispositive motion deadline of March 17, 2017, shall be limited to issues concerning or

16  relating to defendant Williamson, unless good cause is shown for expanding the scope thereof to

17  other defendants based on the additional discovery.

18  The Court therefore hereby further orders as follows:

19  (1)    Discovery

20  All discovery shall be completed by **July 21, 2017**. Service of responses to

21  interrogatories and to requests to produce, and the taking of depositions, shall be completed by

22  this date. Federal Rule of Civil Procedure 33(a) requires answers or objections to be served

23  within thirty (30) days after service of the interrogatories. The serving party, therefore, must

serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

      (2)    <u>Dispositive Motions</u>

Any dispositive motion shall be filed and served on or before **August 21, 2017**. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than the fourth Friday following filing and service of the motion.  LCR 7(d)(3).

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's briefs and affidavits. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

Defendants are reminded that they **MUST** serve a *Rand* notice, in a separate document, concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when

ORDER GRANTING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO FILE HIS
SECOND AMENDED COMPLAINT AND
RE-SETTING THE PRETRIAL SCHEDULE
DEADLINES - 3

> there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required *Rand* and notice on the plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

　　(3)　<u>Joint Pretrial Statement</u>

　　A deadline for filing a Joint Pretrial Statement may be established at a later date pending the outcome of any dispositive motions.

　　(4)　<u>Proof of Service and Sanctions</u>

　　All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*. The proof of service shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.

ORDER GRANTING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO FILE HIS
SECOND AMENDED COMPLAINT AND
RE-SETTING THE PRETRIAL SCHEDULE
DEADLINES - 4

(5) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 13th day of January, 2017.

*[signature]*

Karen L. Strombom
United States Magistrate Judge