UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

                Plaintiff,

    v.

BELINDA STEWART, *et al*,

                Defendants.

No. 3:16-cv-05023-RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 64. Having carefully considered that motion and balance of the record, the Court finds it should be denied.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d

ORDER - 1

1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff states in his motion that he is unable to afford legal counsel, and that the fact of his incarceration has greatly prohibited him from contacting potential counsel. Plaintiff further states that he does not know how to conduct proper discovery, and that without the help of legal counsel the likelihood of him succeeding in obtaining the relief he desires is slim. In addition, plaintiff states that he is "not all that literate," that he has had "numerous people" helping him, and that he cannot be expected to continue to receive such help. Dkt. 64, p. 3. None of these asserted reasons, however, form a sufficient basis for the appointment of counsel by the Court at the government's expense.

First, the mere fact that plaintiff is incarcerated or lacks the funds to afford private counsel is not enough to establish entitlement thereto. Indeed, most prisoners are in the same or similar position as plaintiff finds himself. Second, no showing has been made, nor is there any indication, that plaintiff has not until now been unable to engage in the discovery process on his own, or that he will be unable to continue to do so. Third, contrary to plaintiff's assertion, he has been more than able to articulate the factual basis of his claims, as revealed by the numerous filings that he has submitted to date. Fourth, and finally, to the extent plaintiff has received help from other inmates, again there is no indication he will not continue to receive such assistance in this case, which has been proceeding now for well over a year.

Accordingly, for all of the above reasons plaintiff's motion for appointment of counsel

ORDER - 2

1  (Dkt. 64) hereby is DENIED. The Clerk shall send a copy of this Order to plaintiff.

2  DATED this 11th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3