UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

                Plaintiff,

  v.

BELINDA STEWART, *et al*,

                Defendants.

No. 3:16-cv-05023RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND MOTION FOR CONTEMPT

This matter comes before the Court on plaintiff's motion for default (Dkt. 62) and motion for contempt against defendant Joseph Williamson (Dkt. 63). Having carefully considered those motions, defendant Williamnson's response to plaintiff's motions, plaintiff's reply thereto,[1] and balance of the record, the Court finds both motions should be denied.

Plaintiff has brought his motion for default under Federal Rule of Civil Procedure (FRCP) 55, which provides in relevant part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
>     **(1) *By the Clerk*.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that

---

[1] Plaintiff has filed a motion to file excess pages with respect to his reply to defendant Williamson's response. (Dkt. 71). That motion is GRANTED.

ORDER - 1

> amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) *By the Court*.** In all other cases, the party must apply to the court for a default judgment. . . .

*Id.* "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The "[f]actors which may be considered by courts in exercising discretion as to the entry of a default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In determining whether the Court should exercise its discretion to enter a default judgment, the "starting point is the general rule that default judgments are ordinarily disfavored," and that "[c]ases should be decided upon their merits whenever reasonably possible." *Id.* at 1472.

Entry of default against a party is appropriate, for example, where that party and its counsel has had "a long history of dilatoriness," or "exhibited a willful refusal to litigate the case properly." *Moore v. J.T. Roofing, Inc.*, 94 Fed. Appx. 377, *378, 2004 WL 764133, at **1 (7th Cir. April 6, 2004) (quoting *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003)); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3rd Cir. 1990); *see also Davis*, 321 F.3d q6 646 (finding default judgment to be appropriate where the defendant filed his appearance late, submitted an inadequate responsive pleading, and failed to show up for a hearing or to respond to discovery requests); *Silva v. City of Ma*dison, 69 F.3d 1368, 1377 (7th Cir.1995) ("Because a

ORDER - 2

default judgment is a harsh sanction, it should be employed only in extreme situations where other less drastic measures have proven unavailing").

On the other hand, where, for example, "the record does not indicate that the [party's] late answer was willful," "[n]othing before the court suggests that the [party] was attempting to stall or to delay," the party's answer "[o]n its face . . . raises meritorious defenses," and the party seeking entry of default "will not suffer prejudice if the court denies his motion," denial of thereof will not be an abuse of discretion. *Heber v. U.S.*, 145 F.R.D. 576, 578 (D. Utah 1992) (finding denial of the plaintiff's motion under these circumstances "does not deprive him of the opportunity to obtain the relief he seeks").

On January 13, 2017, the Court directed the United States Marshal to effect service of plaintiff's second amended complaint on defendant Williamson. Dkt. 51. The United States Marshal filed the return of service on February 2, 2017, indicating that defendant Williamson was served on January 31, 2017. Dkt. 56. Defendant Williamson filed his answer to plaintiff's second amended complaint on March 27, 2017 (Dkt. 66), seven days after plaintiff filed his motion for default (Dkt. 62). Plaintiff bases his request for entry of default on defendant Williamson's failure to file his answer within 20 days of service of the complaint, as directed to do so in the Court's order directing service.

In response to plaintiff's motion, defendant Williamson states that from May 12, 2016, until March 1, 2017, he was on medical leave due to "a serious and life-threatening medical condition," during which he "underwent four surgeries and had wound care appointments five days a week, with each appointment lasting several hours." Dkt. 68, p. 1. Defendant Williamson further states that while he was on medical leave he "did not have access to any of [his] work files or email," and that although he received plaintiff's complaint on January 31, 2017, his

ORDER - 3

"general understanding was that [he] would have a few weeks to sort out the lawsuits, which [he] planned to do when [he] returned to work." *Id.* at p. 2. In addition, defendant Williamson states in regard to his return to work on March 1, 2017:

> I immediately set about working through everything that had accumulated for me during the eight or so months I was out. I had over a thousand emails to go through, new processes to get up to speed on to be able to do my job, several budgetary issues to fix, meetings with tier representatives and other inmates to get up to speed on what had happened while I was out and how things are going, as well as reacquainting myself with my coworkers and other staff. I am just now getting caught up at work to the point that I am able to perform my regular, daily routines.

*Id.* Lastly, defendant Williamson states that he regrets if his "health and medical leave have frustrated the progression of this case, and that he is "now able and available to fully participate in this action, engage in the discovery process, and comply with all Court orders and deadlines." *Id.*

The Court declines to exercise its discretion to enter a default judgment in this instance. First, as noted above, default judgments are generally disfavored. Rather, whenever reasonably possible, cases should be decided on their merits. Second, there is no evidence that defendant Williamson or counsel for defendants has engaged in any dilatory conduct, but instead there is ample evidence to support a finding of excusable neglect. Indeed, given the serious and life-threatening medical needs defendant Williamson was contending with when he was served with the complaint – as well his belief, albeit incorrect, that he had several weeks in which to respond thereto – it is entirely understandable that he neglected to timely seek legal representation and/or file his answer.

There is no indication, furthermore, that once he returned to work defendant Williamson intentionally or negligently wasted time filing his answer or obtaining legal representation, in

ORDER - 4

light of the amount of time he was away from his job and the backlog of work-related matters requiring his attention. Third, and finally, the Court finds that plaintiff would not be prejudiced if his motion for default is denied. Denial of the motion does not deprive him of the opportunity to obtain the relief he seeks. Further, the Court already has granted plaintiff some leniency with regard to the prosecution of his case, by, for example, granting him an extension of time to file a response to defendants' motion for summary judgment, by allowing him to file excess pages in his response thereto, and by extending the discovery deadline in this matter on issues relating to defendant Williamson. That extension alone – to July 21, 2017 (Dkt. 52) – strongly indicates plaintiff would not suffer any prejudice. These factors warrant extending the same consideration to defendant Williamson here.

Along with his motion for default, plaintiff also has filed a motion for contempt against defendant Williamson based on the late filing of his answer. In support of this motion, plaintiff makes a number of conclusory allegations concerning defendant Williamson's understanding as to his responsibilities when served with a complaint, what defendants' counsel allegedly told him regarding defendant Williamson's attempt to obtain legal counsel in regard to this lawsuit, and defendant Williamson's supposed lack of interest in or diligence with respect to the matters discussed herein. Dkt. 63, 72-73. The Court finds these unsubstantiated allegations in regard to defendant Williamson's conduct concerning this lawsuit to be without merit. As discussed above, defendant Williamnson's untimely filing of his answer does not appear to be due to any dilatory motive and – given all that he was dealing with during the relevant time period – there is ample evidence to support a finding of excusable neglect.

Accordingly, for all of the foregoing reasons plaintiff's motion for default (Dkt. 62) and motion for contempt (Dkt. 63) hereby are DENIED**.** The Clerk shall send a copy of this Order to

ORDER - 5

plaintiff.

DATED this 11th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6