UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL VINCENT,

                  Plaintiff,

   v.

BELINDA STEWART, et al,

                  Defendants.

Case No. 3:16-cv-05023-RBL-TLF

ORDER DENYING PLAINTIFF'S MOITON TO COMPEL AND EXTEND DISCOVERY DEADLINE

This matter comes before the Court on Mr. Vincent's motion to compel and extend the discovery deadline (Dkt. 77). Having considered that motion and the balance of the record, the Court hereby finds and ORDERS as follows:

Mr. Vincent filed his motion on April 12, 2017, requesting that the Court compel the defendants to produce an un-redacted copy of a document that they previously provided by redacted copy. *Id.* at p. 1; *see also* Dkt. 79, pp. 1-2; Dkt. 80, Declaration of Marko L. Pavela, p. 1,6. The defendants assert that the redactions "protect parts of an e-mail discussion between DOC employees where they discuss legal conclusions, opinions, and theories provided by their attorneys and related to potential litigation." Dkt. 79, p. 2; *see also* Dkt. 80, p. 2. Mr. Vincent asserts that because the e-mail communication is between two non-attorneys, it "cannot be

considered privileged and must be produced as relevant to this case and discoverable." Dkt. 77, p. 2.

"Ordinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Federal Rule of Civil Procedure (FRCP) 26(b)(3)(A). Such materials "may be discoverable if:

> (i) they are otherwise discoverable under [FRCP] 26(b)(1); and
> (ii) the [moving] party shows that it has substantial need for the materials to prepare its case and cannot without undue hardship, obtain their substantial equivalent by other means.

*Id.* FRCP 26(b)(1) in turn provides:

> . . . Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. . . .

The plain language of FRCP 26(b)(3)(A) shows the rule is not limited to discussions between attorneys, but rather relates to "documents and tangible things that are prepared in anticipation of litigation or for trial *by or for another party or its representative*." *Id.* (emphasis added). Mr. Vincent fails to establish that the defendants applied redactions to anything but work-product-protected communication. The defendants assert, and the record supports the assertion, that the redacted portion of the requested email contains discussions between DOC employees about legal conclusions, opinions, and theories provided by their attorneys and related to potential litigation. This falls within the work product protection.

Even if the redactions were discoverable, Mr. Vincent does not establish any showing of

a substantial need for them, other than his general assertion that the email communication is "in direct relation to the specific issues involving [Defendant] Joseph Williamson." Dkt. 77, p. 2. The Court further reminds Mr. Vincent that before filing a motion to compel, it is necessary to comply with the requirements of FRCP 37. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(1).

Mr. Vincent's motion to compel does not include the required certification. *See* Dkt. 77. In addition, the defendants allege that Mr. Vincent has not exhibited the spirit of civility in the discovery process. Defense counsel states that Mr. Vincent and the defendants "have previously resolved discovery related matters by phone." Dkt. 79, p. 1; *see also* Dkt. 80, p. 2. On this matter:

> . . . [R]ather than requesting a phone call with Defendants' counsel, [Mr. Vincent] began by demanding an unredacted copy of a document already produced, and threatening both a motion to compel, as well as a complaint to "the bar" if Defendants did not comply. [Dkt.] 80, at ¶ 3. Defendants counsel responded by letter, explaining that the redactions were made to protect information covered by Attorney-Work Product Privilege. [Dkt.] 80, at ¶ 4. Plaintiff chose not to reply, instead filing [his] motion to compel. [Dkt.] 80, at ¶ 6. . . .

*Id.* at pp. 1-2. The plaintiff does not deny that this interaction happened, and he apologizes if he was giving the impression of being abrupt. Dkt. 90. The Court would remind the plaintiff that the rules of procedure in this Court contain an expectation of calm problem solving and professional communication between counsel and unrepresented parties during the discovery phase and all phases of a case in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1, LCR 1(c)(6), and United States District Court for the Western District of Washington, Introduction to the Civil Rules.

Accordingly, for all the above reasons, the plaintiff's motion to compel and extend the

discovery deadline (Dkt.77) is DENIED.

Dated this 18th day of May, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOITON TO COMPEL
AND EXTEND DISCOVERY DEALINE - 4