# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GAIL VINCENT,

                     Plaintiff,

     v.

BELINDA STEWART, et al,

                     Defendants.

Case No. 3:16-cv-05023-RBL-TLF

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR RECONSIDERATION

This matter comes before the Court on Mr. Vincent's motion to strike (Dkt. 81) and motion for reconsideration (Dkt. 82) the Court's Order denying his motion for default and motion for contempt (Dkt. 76). Having carefully considered that motion and the balance of the record, the Court hereby finds and ORDERS:

On April 11, 2017, the Court issued an order denying Mr. Vincent's motion for default against Defendant Joseph Williamson, noting that motions for default are generally disfavored and that there was no evidence either Mr. Williamson or defense counsel engaged in any dilatory conduct in regard to the late filed answer. The Court further found that because Mr. Vincent was not being deprived of the opportunity to obtain the relief he seeks by allowing the late filing, and because the Court already had shown Mr. Vincent some leniency with regard to the prosecution of his case, overall he would not be prejudiced. The motion for contempt was denied for the same reasons.

Mr. Vincent's asserted basis for striking the Court's Order is that he did not actually file a

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
AND MOTION FOR RECONSIDERATION - 1

motion for default, but instead requested that the Clerk enter the default. Mr. Vincent sought "an entry of default" under Federal Rule of Civil Procedure (FRCP) 55. Dkt. 62, p. 2. As the Court previously pointed out, under that rule if a party's claim is not "for a sum certain or a sum that can be made certain by computation," then the party seeking default "must apply to the court for a default judgment." Dkt. 76, pp. 1-2; *see also* FRCP 55(b). Mr. Vincent's claim was not for a sum certain, nor at that stage of the proceedings could it have been made certain by computation. Thus, the Court accurately interpreted plaintiff's request as a motion for default, and properly denied that same motion.

As for Mr. Vincent's motion for reconsideration, such motions are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule (LCR) 7(h). Mr. Vincent argues that the Court committed manifest error, "because the Ninth Circuit requires a finding of contempt and Mr. Williamson did not perform 'all reasonable steps.'" Dkt. 82, p. 1. These arguments are not new; the plaintiff is reiterating the same arguments previously raised in support of his motion for contempt.

Accordingly, the motion to strike (Dkt. 81) and the motion for reconsideration (Dkt. 82) are DENIED.

Dated this 18th day of May, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
AND MOTION FOR RECONSIDERATION - 2