UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| GAIL VINCENT,<br><br>        Plaintiff,<br><br>    v.<br><br>BELINDA STEWART, BRENT CARNEY, BERNARD WARNER, JOSEPH WILLIAMSON, and the WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>        Defendants. | Case No. 16-cv-5023-RBL-TLF<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The Court presided over a bench trial beginning on January 21, 2020. The Court has considered all trial testimony and exhibits. The Court has also considered the Pretrial Order, together with all pleadings and discovery on file, the proposed findings of fact and conclusions of law, and the trial briefs. The Court did not sign the Pretrial Order. The Court has also considered applicable statutory and case law. Based on its own observations during trial, its credibility assessments of all witnesses appearing live at trial or by deposition, and its detailed consideration of all the above materials, the Court now enters the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52(a).

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 16-cv-5023-RBL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

# I. FINDINGS OF FACT

1. Plaintiff Gail Vincent is a 67-year old man incarcerated in the custody of the Washington Department of Corrections ("DOC") (Admitted Fact No. 1). He is currently housed in the Stafford Creek Corrections Center.

2. Vincent has been in prison for more than 12 years.

3. Since about 2008, Vincent has practiced a form of the Hare Krishna faith that requires certain dietary practices.

4. A Hare Krishna diet, according to Vincent's beliefs, is lacto-vegetarian. It consists mostly of fresh fruits and vegetables. Vincent's faith forbids meat and meat by-products. It also requires him to consume fresh dairy daily.

5. In 2016, Vincent filed his second Amended Complaint in this matter. He states there:

> Gail Vincent is a 63-year old man currently housed at Stafford Creek Corrections Center (SCCC) in Aberdeen Washington (WA) in the custody of WA Department of Corrections (DOC). He is a devout, orthodox Hare Krishna devotee who adheres to a conservative ISKCON way of religious belief and practice.
>
> Vincent is required to consume fresh dairy proteins daily, and he is prohibited from consuming animal meats and fats. The violation of either of these primary tenets of his religion prevents him from entering the Heavenly Realm with Krishna the Cow Herder.
>
> The plaintiff suffers from heart problems and high blood pressure (hypertension), weight, and other serious medical issues that require him to take medication and he has (as of early 2016) been placed on a therapeutic diet to work in conjunction with the medication to fight off these health problems. His current diet, metabolic/lighter-fare is a prescription by his provider PA Lystad.
>
> The metabolic diet (light-fare) solved Mr. Vincent's first issue of being deprived of one pint of fresh milk daily; consequently, it prompted his second issue of being forced to consume animal meats and fats. He was forced to choose between a healthier diet and his religion, and under the dire circumstances, he was forced to forego his religious dietary proscription of not eating meat in order to prevent further heart problems and ultimately death.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2 -
Case No. 16-cv-5023-RBL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

> Mr. Vincent is bringing exactly two claims today: 1) for the defendants depriving him of one pint of fresh milk daily from January 1, 2013 to approximately January of 2016; and 2) forcing him to consume meat from approximately January 2016 to present. There are three policies he is challenging in this action: Two for issue #1 Deprivation of One Pint of Fresh Milk Daily; and one policy is being challenged in issue #2 the Forcing of the Consumption of Animal Meats and Fats. The policies being challenged in issue #1 are the "Vegan" diet and the lack of Lacto-Vegetarian diet along with DOC Policy450.200 subsection III(B) which is the administrative process that allows an inmate to make a request for a religious need.

6. Vincent offered, and the Court admitted, Exhibit 13 which is the Fifth Revision (2013) of the Handbook of Religious Beliefs and Practices prepared by the State of Washington Department of Corrections (DOC). At page 107 of that document are the Dietary Restrictions applicable to practitioners of the ISKCON way of religious beliefs and practices. It states: Devotees eat no fish, meat, eggs, garlic, or onions. Alcohol, drugs, coffee, tea and smoking are not permitted. A vegetarian diet is required.

7. Vincent has dietary beliefs, but these are less important than his objection to meat. For instance, Vincent should generally avoid eggs, fish, and certain pungent vegetables like onion, vinegar, and garlic. He also avoids preservatives to the extent possible, especially artificial preservatives. Meals should ideally be served fresh, within about three hours of preparation, by a fellow Hare Krishna in an appropriate devotional attitude.

8. Vincent's religious beliefs also include an aversion to artificial or manufactured drugs, including medications other than vitamins. While the prohibition on medication is relaxed when the medicine is vital to Vincent's health, his faith compels him to try to ween off non-vitamins to the extent possible.

9. Vincent has expressed his religious objections to medication to healthcare providers in prison.

10. Vincent has requested religious dietary accommodations from DOC and its officials (Admitted Fact No. 5). Indeed, Vincent has made a series of requests going back to 2010.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3 -
Case No. 16-cv-5023-RBL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

11. Former Defendant Belinda Stewart, acting in her official capacity, denied Vincent's requested accommodation (Admitted Fact No. 6).

12. Vincent initiated this lawsuit in 2016, and he has prosecuted it to secure religious dietary accommodations.

13. Based on these facts, Vincent's beliefs about his dietary needs are sincere and rooted in his religious faith.

14. Defendant Stephen Sinclair is the Secretary of DOC (Admitted Fact No. 3).

15. Defendant Lisa Flynn is the Corrections Program Administrator for DOC (Admitted Fact No. 4).

16. Defendant Brent Carney is the Dietary Services Manager with DOC's Health Services Division (Admitted Fact No. 2).

17. DOC offers several diets to meet prisoners' religious and medical needs.

18. DOC policy reflects both federal and state nutritional guidelines. The federal guidelines are based on the U.S. Department of Agriculture's *Dietary Guidelines for Americans*. The current guidelines recommend no more than 2300 mg of sodium per day, and no more than 1500 mg of sodium for persons with high blood pressure.

19. The Washington state nutritional guideline implementation manual for institutions was developed in part by Defendant Carney. That manual includes the same sodium recommendations as the federal dietary guidelines, on which it is largely based.

20. DOC policy targets an average daily sodium content of 2300 mg for its "mainline" or typical meals. DOC Policy 240.100.

21. The mainline diet currently provides about 2900 calories and about 3200 mg of sodium each day. It does not meet the state or federal nutritional guidelines for sodium, or the sodium targets set by DOC policy.

22. DOC also offers several religious diets. One is the Mainline Alternative Diet, a vegan diet meant to accommodate religious traditions that prohibit consuming meat and animal products and that also proscribe pungent vegetables like garlic and onion.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4 -
Case No. 16-cv-5023-RBL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

23. The Mainline Alternative Diet provides about 2800 calories and about 3300 mg of sodium per day. Thus, it is also out of compliance with federal and state nutritional guidelines.

24. On February 1, 2019, DOC made available to all of its inmates a lacto-vegetarian religious diet, the Milk-Mainline Alternative Diet (Admitted Fact No. 8). The Milk Mainline Alternative Diet is essentially the same as the Mainline Alternative Diet, except that it replaces soy milk with dairy milk from DOC's existing supply of dairy milk.

25. The nutritional content of the Milk Mainline Alternative Diet is almost identical to that of the Mainline Alternative Diet.

26. Both the Mainline Alternative Diet and the Milk Mainline Alternative Diet are largely prepared off-site by Correctional Industries, and then shipped to the various prisons.

27. DOC offers a variety of therapeutic diets. One of these is the "metabolic" or "lighter fare" diet.

28. The lighter fare diet meets or comes close to meeting the state and federal nutritional guidelines for sodium, with about 2100 calories and about 2400 mg of sodium per day.

29. Carney created the current iteration of the lighter fare diet.

30. Under DOC policies governing therapeutic diets, the lighter fare diet is "reduced in sodium, fat, cholesterol, and calories" and suggested for prisoners with conditions including high blood pressure, high cholesterol, and obesity. DOC Policy 610.240.

31. Carney uses a brochure, whose language he revised and approved, that informs prisoners about the lighter fare diet. That brochure states that prisoners "advised by Health Services with hyperlipidemia, . . . hypertension, [and] obesity . . . should also follow" the lighter fare meal plan.

32. Before Vincent was incarcerated, and before he became a Hare Krishna, he maintained an organic lacto-vegetarian diet to control his genetic predisposition to

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5 -
Case No. 16-cv-5023-RBL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

hypertension and to avoid what he believed were the aversive health effects of meat.

33. Vincent was diagnosed with high blood pressure around 2011 while in prison, and was also warned by providers that his age, weight, and family history of heart disease could pose health risks.

34. Vincent's health records show that his DOC provider listed hypertension among Vincent's "major problems" that "may significantly affect health" in January 2014. Two months later, a DOC provider asked to speak to Vincent about his blood pressure. That communication documented Vincent's general resistance to taking medication. It also advised Vincent "that the 2 things that he can do for himself are diet and weight loss . . . ."

35. In October 2015, Vincent's longtime DOC provider, Erin Lystad, told Vincent that his blood pressure and cholesterol put him at "risk of severe disability or even death," and that Vincent had a 19% risk of heart attack or stroke within the next ten years.

36. Two weeks later, Lystad started Vincent on the lighter fare diet because of his reluctance to take medication. The lighter fare diet was, according to Lystad, a good option for helping to address Vincent's blood pressure, cholesterol, and weight. Lystad has recommended low-sodium diets for patients with conditions like Vincent's many times in her career. When she recommended it for Vincent, his blood pressure was still, according to his medical records, uncontrolled.

37. At trial, Physician Assistant Erin Lystad testified that the Milk-Mainline Alternative Diet (Vegan) when consumed at 75% of total serving was very comparable to the lighter fare as a good option for addressing Vincent's blood pressure, cholesterol and weight.

38. Lystad has acknowledged that the lighter fare diet has played at least some role in controlling Vincent's blood pressure in recent years, even if the medication he has taken has played the dominant role.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 6 -
Case No. 16-cv-5023-RBL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

39. Vincent sued Defendants in their official capacity in 2016. Dkt. 23 at 4. He also sued Defendants in their individual capacities for money damages, which is no longer at issue here.

40. This Court originally granted summary judgment to Defendants, dismissing Vincent's claims. Dkt. 96. But the Ninth Circuit revived his claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. *Vincent v. Stewart*, 757 Fed. App's 578 (9th Cir. 2018).

41. On remand, the Court denied Defendants' second motion for summary judgment. Dkt. 134.

## II. CONCLUSIONS OF LAW

1. Plaintiff has not met his burden to demonstrate a substantial burden on the free exercise of his religion under Religious Land Use for Institutionalized Persons Act (RLUIPA). If Mr. Vincent requires a diet with less calories or sodium than contained in the Department's religious diets, Mr. Vincent can "self-select" to consume an appropriate amount of calories and sodium, and this would not constitute a substantial burden under RLUIPA.

2. Plaintiff has not met his burden to demonstrate a substantial burden on the free exercise of his religion under the First Amendment. If Mr. Vincent requires a diet with less calories or sodium than contained in the Department's religious diets, Mr. Vincent can "self-select" to consume an appropriate amount of calories and sodium, and this would not constitute a substantial burden under the First Amendment.

3. Plaintiff has therefore not succeeded on the merits of his remaining RLUIPA and First Amendment claims, nor has plaintiff satisfied his burden of proof regarding the irreparable injury, inadequate legal remedies, balance of hardship or public interest elements to justify and prospective relief.

4. Accordingly, permanent injunctive relief is improper here.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 16-cv-5023-RBL

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

5. The Court will entertain a motion for attorneys fees by the plaintiff for counsel's effort to overturn this Court's summary judgment and forcing the defendant to add fresh milk to the Mainline Alternative Diet (Vegan). The Milk Mainline Alternative Diet was made available to Vincent on or about February 1, 2019. The attorneys' fees request should cover the time when Mr. Brecher was "retained" until the time Mr. Vincent rejected the Milk Mainline Alternative Diet.

**IT IS SO ORDERED.**

Entered this 23rd day of January, 2020.

Ronald B. Leighton
United States District Judge

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 16-cv-5023-RBL

- 8 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300